T.C. Memo. 2008-274

UNITED STATES TAX COURT

ARRIANE REDMOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22804-07.                    Filed December 9, 2008.

     R determined a deficiency in P's 2005 Federal income
tax after disallowing P's claimed earned income credit.

     <u>Held</u>: P is not entitled to the earned income credit and
is liable for the deficiency.

<u>Jonathan P. Decatorsmith</u>, for petitioner.

<u>Joseph T. Ferrick</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of a deficiency that respondent determined for petitioner's 2005 tax year.  The issue for decision is whether petitioner is entitled to an earned income credit.

<u>Background</u>

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings.

Petitioner filed her 2005 Form 1040, U.S. Individual Income Tax Return, and claimed head of household filing status and three exemptions, one for herself and dependency exemptions for two minor children.  Petitioner also claimed a child tax credit, an additional child tax credit, and an earned income tax credit.  Her 2005 Form 1040 reflects that she had $22,411 in adjusted gross income.

In a notice of deficiency dated August 14, 2007, respondent disallowed the earned income credit.[1]  As a result, respondent determined a deficiency of $2,704.  Petitioner then filed a timely petition with this Court.  At the time she filed her petition, petitioner resided in Illinois.  A trial was held on September 22, 2008, in Chicago, Illinois.

---

[1]In the notice of deficiency, respondent did not disallow any of the exemptions or other credits claimed by petitioner.

## Discussion

The Commissioner's determination of a deficiency is generally presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a);[2] Welch v. Helvering, 290 U.S. 111, 115 (1933). But see sec. 7491(a). Petitioner bears the burden of proving that respondent was incorrect in determining that petitioner was not entitled to an earned income credit for 2005.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the amount of the credit allowed, and section 32(b) contains different percentages and amounts used to determine the credit. The limitation amount is based on the amount of the taxpayer's earned income and whether the taxpayer has no qualifying children, one qualifying child, or two or more qualifying children.

In order to claim an earned income credit with respect to a child, the taxpayer must demonstrate that the child is a "qualifying child" of the taxpayer as defined in section 152(c). See sec. 32(c)(3). Although section 152(c) sets forth multiple requirements that must be satisfied in order to establish that an individual is a qualifying child, the only requirement at issue

---

[2]The Rule reference is to the Tax Court Rules of Practice and Procedure. Section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.

in this case is the requirement that the qualifying child be an individual "who bears a relationship to the taxpayer described in paragraph (2)". Sec. 152(c)(1)(A). The relationship requirement is satisfied if the individual is the taxpayer's child, brother, sister, stepbrother, or stepsister, or a descendant of any of them.[3] Sec. 152(c)(2).

Petitioner argues that she is entitled to the earned income credit because the children with respect to whom she claimed the earned income credit were those of her half sister, Deborah Ann Scott (Ms. Scott). When petitioner learned that Ms. Scott was battling cancer, petitioner admirably allowed Ms. Scott's two minor children to move in with her. Petitioner supported the children throughout 2005 and until Ms. Scott's health improved and they moved out to rejoin Ms. Scott in early 2006.

According to petitioner, she and Ms. Scott share a common father, a man named Wade Riggs. Petitioner has provided copies of her and Ms. Scott's birth certificates. Unfortunately, petitioner's birth certificate lists a mother but not a father. Ms. Scott's lists neither a mother nor a father.

Respondent's position is that the children are not qualifying children because petitioner has not proven that she and Ms. Scott share a common father. Respondent has produced a

---

[3]The terms "brother" and "sister" include half brothers and half sisters. Sec. 152(f)(4).

response to an "IMF MCC TRANSCRIPT-NUMIDENT REQUEST" that lists "Howard Scott" as Ms. Scott's father and "Margaret Foster" as her mother.[4]

We do not question the sincerity of petitioner's belief that she and Ms. Scott are half sisters, and we commend her for caring for Ms. Scott's children in 2005. Nevertheless, she has not demonstrated that respondent was incorrect in determining that she is not entitled to an earned income credit for 2005. Although the NUMIDENT record was created on December 13, 1977, when Ms. Scott was 13 years old, and its accuracy is not entirely

---

[4]"IMF MCC stands for 'Individual Master File-Martinsburg Computing Center'." Wagner v. Commissioner, T.C. Memo. 2002-180 n.3. NUMIDENT is a database maintained by the Social Security Administration (SSA) that contains information provided by applicants for Social Security numbers. See Aramark Facility Servs. v. Serv. Employees Intl. Union, Local 1877, 530 F.3d 817, 826 (9th Cir. 2008); Teschner v. Commr. of Soc. Sec., 382 F. Supp. 2d 662, 665 n.2 (D.N.J. 2005). "The NUMIDENT record is created at the time Social Security numbers are assigned, and includes the assignee's name, date and place of birth, and names of the parents." Teschner v. Commr. of Soc. Sec., supra at 665 n.2.

Although there can be more than one Deborah Ann Scott, we note that the birth date of Feb. 19, 1964, and the place of birth, "Chicago Cook IL", shown in the NUMIDENT record are identical to those reflected in the birth certificate provided by petitioner. We are therefore confident that the Deborah Ann Scott referred to in the NUMIDENT record is the same person petitioner refers to.

certain,[5] it is the only documentary evidence of record regarding the identity of Ms. Scott's father.

Petitioner's sincere testimony to the contrary is based solely on what others have told her, as she is significantly younger than Ms. Scott.  In the end, for purposes of this proceeding, petitioner has not demonstrated by a preponderance of the evidence that she and Ms. Scott are half sisters. Consequently, Ms. Scott's children were not qualifying children when petitioner supported them in 2005, and petitioner is not entitled to an earned income credit for that year.

Finally, we note that a taxpayer not eligible for an earned income credit under section 32(c)(1)(A)(i) for having one or more qualifying children may be an "eligible individual" under section 32(c)(1)(A)(ii).  For 2005 a taxpayer who files a return (as petitioner did) as head of household is eligible under this clause only if the taxpayer's adjusted gross income is less than

---

[5]To begin with, it is unclear if (and, if so, how) the SSA verified that Howard Scott was Ms. Scott's father, especially in light of the fact that the copy of Ms. Scott's birth certificate that is a part of the record in this case is devoid of that information.  Also, as of December 2006, "By SSA's own estimates, approximately 17.8 million of the 430 million entries in * * * NUMIDENT * * * contain errors".  Aramark Facil. Servs. v. Service Employees International Union, supra at 826.  While the estimate reported at the referenced Web site identified the errors as relating to "names, dates of birth, citizenship status and/or death indications", we assume that parental information is similarly sometimes incorrect. See Social Security Administration, Office of Inspector General, Congressional Response Report, Accuracy of the Social Security Administration's Numident File (2006).

$11,750. Rev. Proc. 2004-71, sec. 3.06, 2004-2 C.B. 970, 973. Because petitioner's adjusted gross income for 2005 exceeded $11,750, she is not eligible for an earned income credit for 2005 under section 32(c)(1)(A)(ii).

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.